IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:20-CV-01614-L** |
| | § | |
| INNOVIS DATA | § | |
| SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Innovis Data Solutions, Inc.'s ("Innovis" or "Defendant")

Motion for Judgment on the Pleadings (Doc. 28), filed November 13, 2020. After careful

consideration of the motion, response, reply, pleadings, and applicable law, the court **grants**

Defendant's Motion for Judgment on the Pleadings with respect to Plaintiff's claims for

Defendant's alleged violations of the Fair Credit Reporting Act ("FCRA").

## I.  Factual and Procedural Background

On June 17, 2020, Plaintiff Frank Green ("Mr. Green" or "Plaintiff") filed this action

against Innovis, Nationstar Mortgage, LLC ("Nationstar"), and other entities.[1]  Mr. Green's action

arises out of Innovis's conduct or lack thereof regarding his tradeline with Nationstar as reported

on his Innovis consumer report.  First, Mr. Green contends that Defendant violated his rights under

the FCRA by failing to "establish or follow reasonable procedures to assure maximum possible

accuracy in the preparation of the credit reports and credit files it published and maintained

---

[1] The other entities include Equifax Information Services, LLC ("Equifax"), Experian Information
Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union").  Equifax was dismissed by Joint
Stipulation of Dismissal on March 16, 2021.  Experian and Trans Union each settled with Plaintiff on or
about March 31, 2021.  Nationstar and Plaintiff settled on or about May 24, 2021.

concerning the Plaintiff," in violation of 15 U.S.C. § 1681e(b).  Pl.'s Compl. 19, ¶ 121.  Second,

he contends that Defendant violated 15 U.S.C. § 1681i by failing to

> update or delete inaccurate information in the Plaintiff's credit file after receiving
> actual notice of such inaccuracies, failing to conduct a lawful reinvestigation,
> failing to forward all relevant information to furnisher(s), failing to maintain
> reasonable procedures with which to filter and verify disputed information in the
> Plaintiff's credit file, and relying upon verification from a source it has reason to
> know is unreliable.[2]

Pl.'s Compl. 20, ¶ 130.

In 2003, Plaintiff secured a mortgage loan for his property located in Marion County,

Florida, with SunTrust Bank; Nationstar acquired this mortgage in 2006.  *Id.* at 5, ¶¶ 12-13.

Plaintiff missed at least one mortgage payment between January 2018 and September 2018,

forcing his Nationstar account into delinquency.  *Id.* at 5-6.  Nationstar approved Mr. Green for a

loan modification beginning on September 1, 2018.  *Id.* at 6, ¶ 20.  In November 2019, Plaintiff

obtained his Innovis credit report "and noticed that it was not accurate."  *Id.* at 7, ¶ 31.  Plaintiff

contends that the Innovis credit report incorrectly listed several late payments between January

2018 and July 2018.[3]  *Id.* 7, ¶ 32.  In February 2020, Plaintiff sent Defendant a dispute letter

contending that he "may have missed one payment, if that."  *See* Pl.'s Compl., Ex. K; *see also*

---

[2] In its Brief in Support for Innovis's Motion for Judgment on the Pleadings, Defendant addresses Plaintiff's
allegation in the Complaint that it failed to respond to Plaintiff's dispute letter within 30 days, as required
by 15 U.S.C. § 1681(a)(1)(A).  Def. Br. in Supp. for Innovis's Mot. for J. on the Pleadings 8.  Plaintiff,
however, clarifies that this allegation "is incorrect, and not a basis for Plaintiff's claim for relief."  Pl.'s
Mem. in Opp'n to Def.'s Mot. for J. on the Pleadings 7.  As such, the court does not address this issue.

[3] Plaintiff alleges that his Innovis credit report lists these payments "as 60-days late two times, and 90-days
late five times."  Pl.'s Compl. 7, ¶ 32.  The report, however, lists two 60-day, one 120-day, one 150-day,
and three 180-day late payments.  Pl.'s Compl., Ex. G.  Plaintiff's own exhibit clearly contradicts what is
alleged in his Complaint.  As Plaintiff's Complaint misstates the number of late payments, the court will
rely on what is set forth in the exhibit, which is also a part of the pleadings that a court can consider when
ruling on a 12(c) motion.

**Memorandum Opinion and Order - Page 2**

Def.'s Answer, Ex. 2.   In the letter, Plaintiff also requested Defendant "reinvestigate[]" his Nationstar tradeline and report, "in the interim," that the account is "in dispute." *Id.*

On March 19, 2020, Defendant responded to Plaintiff's letter and included an updated credit report reflecting its removal of Plaintiff's Nationstar account.   Pl.'s Compl., Ex. O. Defendant maintains that it contacted Nationstar regarding the dispute, but Nationstar verified the information it reported to Innovis regarding Mr. Green's account delinquency.   Def.'s Answer 5, ¶ 64.   Innovis deleted Mr. Green's entire Nationstar tradeline in response.   Pl.'s Compl. 11, ¶ 63. Defendant contends that Plaintiff's first claim regarding "reasonable procedures" should be dismissed because Defendant's procedures were reasonable as a matter of law.   Def.'s Br. in Supp. for Innovis's Mot. for J. on the Pleadings 14.   Defendant contends that Plaintiff's second claim should be dismissed because it was authorized by the FCRA, as a matter of law, to delete Plaintiff's Nationstar account.   *Id.*

## II.      Rule 12(b)(6) - Failure to State a Claim

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial.   Fed. R. Civ. P. 12(c).   "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ."   5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 213 (3d ed. 2004) (footnote omitted).   If, however, "a counterclaim, cross-claim, or third-party claim is interposed, . . . the filing of a reply to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings."   *Id*.   (footnote omitted).   A "defendant may not move under Rule 12(c) prior to filing an answer."   *Id*. at 214.

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the

substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

**Memorandum Opinion and Order - Page 4**

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'"  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or

**Memorandum Opinion and Order - Page 5**

legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.   Discussion

### A.   Introduction

The purpose of the FCRA is "to ensure fair and accurate credit reporting that protects consumers while meeting the needs of commerce." *Hammer v. Equifax Info. Services, L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (citing 15 U.S.C. § 1681(b)). To defeat a motion to dismiss on a claim under 15 U.S.C. § 1681e(b), a plaintiff must set forth allegations from which the court can reasonable infer that "(1) inaccurate information was included in his credit report; (2) the inaccuracy was due to [defendant's] failure to follow reasonable procedures to assure maximum possible accuracy; (3) [plaintiff] suffered injury; and (4) his injury was caused by the inclusion of the inaccurate entry." *Hammer v. Equifax Info. Services, LLC*, 3:18-CV-1502-C, 2019 WL 7602463, at *2 (N.D. Tex. Jan. 16, 2019), *aff'd sub nom. Hammer*, 974 F.3d 564 (quoting *Norman v. Experian Info. Sols., Inc.*, 2013 WL 1774625, at *3 (N.D. Tex. Apr. 25, 2013) (Boyle, J.); citing

*Waggoner v. Trans Union, LLC*, 2003 WL 22220668, at *6 (N.D. Tex. July 17, 2003); 15 U.S.C.

§ 1681e(b)) (internal quotation marks omitted).  To defeat a motion to dismiss on a claim under

15 U.S.C. § 1681i, a plaintiff must set forth sufficient allegations from which the court can

reasonably infer that:

> (1) he disputed the completeness or accuracy of an item of information contained
> in his consumer file at [defendant] and notified [defendant] directly of that dispute;
> (2) [defendant] did not reinvestigate free of charge and either record the current
> status of the disputed information or delete the item from the file in the manner
> prescribed by Section 1681i(a)(5) within the statutory period; (3) [defendant's]
> noncompliance was negligent or willful; (4) [plaintiff] suffered injury; and (5)
> [plaintiff's] injury was caused by [defendant's] failure to reinvestigate and record
> the current status of the disputed information or delete the item from the file.

*Id.* (quoting *Norman*, 2013 WL 1774625, at *3; citing *Waggoner*, 2003 WL 22220668, at *9; 15

U.S.C. § 1681i) (internal quotation marks omitted).

## B.      Violation of 15 U.S.C. § 1681e(b)

Plaintiff alleges that Defendant violated 15 U.S.C. § 1681e(b) of the FCRA by reporting

inaccurate information about Plaintiff's Nationstar tradeline without following "reasonable

procedures to assure maximum possible accuracy" in the credit reports.  Pl.'s Compl. 19, ¶ 121.

To survive Defendant's motion for judgment on the pleadings, Plaintiff must first allege sufficient

facts to support an inference that there was in fact an inaccuracy on his credit report.  *See Hammer*,

2019 WL 7602463, at *2.  Plaintiff asserts that Defendant's November 2019 credit report

inaccurately listed several missed payments on his Nationstar account.  *See* Pl.'s Comp. 7, ¶¶ 31-

32; *see also* Pl.'s Compl., Ex. G.  According to Innovis, Nationstar confirmed that Mr. Green

missed several payments.  Def.'s Answer 5, ¶ 64.  Resolving this issue in Plaintiff's favor, the

court determines that he has alleged sufficient facts to show that there was an inaccuracy on his

credit report.  Mr. Green, however, must also set forth allegations sufficient to support an inference

that this inaccuracy was due to Innovis's failure to follow reasonable procedures. *See Hammer*, 2019 WL 7602463, at *2.

Mr. Green has not alleged any facts to support his allegation that the inaccuracy on his disputed November 2019 credit report resulted from Innovis's failure to follow reasonable procedures. He simply relies on unilluminating statements that Innovis "knew or should have known," and that "Plaintiff's account status and payment history were inaccurate." *See* Pl.'s Compl. 19, ¶ 123. These statements alone do not provide the court sufficient support for an inference that the inaccuracy was due to Defendant's failure to follow reasonable procedures. Moreover, Plaintiff has not alleged any facts to support his injury claims. Instead, Mr. Green makes a general claim that he "suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials." Pl.'s Compl. 20, ¶ 126. He has not set forth sufficient facts from which the court can reasonably infer that Innovis violated his rights under 15 U.S.C. § 1681e(b).

### C.       Violation of 15 U.S.C. § 1681i

Plaintiff contends that Defendant violated 15 U.S.C. § 1681i of the FCRA when it failed to reinvestigate and update Plaintiff's credit report after he notified Defendant of the dispute. *See* Pl.'s Compl. 20, ¶ 130. Regarding this claim, Plaintiff must first show that he disputed the accuracy of his Innovis credit report and notified Defendant of the dispute. *See Hammer*, 2019 WL 7602463, at *2. It is undisputed that Plaintiff sent Defendant a letter disputing information regarding his Nationstar account in February 2020. *See* Pl.'s Compl., Ex. K; *see also* Def.'s Answer, Ex. 2. Plaintiff must then set forth sufficient facts to support his allegation that Defendant

failed to reinvestigate the dispute free of charge and either update the status of the dispute or delete the disputed information from the credit report in accordance with § 1681i(a)(5). *See Hammer*, 2019 WL 7602463, at *2.

If, after reinvestigation, disputed information is determined to be inaccurate, incomplete, or unverifiable, §1681i(a)(5) requires that the consumer reporting agency: "(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." 15 U.S.C. § 1681i(a)(5). Plaintiff alleges that Defendant "fail[ed] to conduct a lawful reinvestigation," but he does not allege adequate facts to support this allegation. *See* Pl.'s Compl. 20, ¶ 130. On its own, this statement is conclusory. In his Complaint, Mr. Green contends both that Innovis "verif[ied]" false information regarding his Nationstar account *and* that Innovis "deleted the entire tradeline" in response to his dispute letter. *Id.* at 11, ¶¶ 65, 63. He also contends that Innovis failed to adequately "evaluate or consider" his dispute *but fails* to address, or otherwise challenge, Defendant's assertion that, as part of its reinvestigation, Innovis "reviewed and considered Plaintiff's dispute and the documents attached thereto, sent the complete contents of Plaintiff's dispute to Nationstar on February 26, 2020, and asked Nationstar to verify whether the information that Nationstar had been furnishing to Innovis was accurate."[4] *Id.*, ¶ 66; Def.'s Answer 5, ¶ 64.

---

[4] More directly, Defendant asserts that it "conducted a reinvestigation in which it sent a copy of Plaintiff's entire dispute to Nationstar, asked Nationstar to verify whether its payment history for Plaintiff's account was correct, and recorded Nationstar's response." Def.'s Br. in Supp. for Innovis's Mot. for J. on the Pleadings 4. Plaintiff has not addressed this assertion in his pleadings or response to Defendant's motion. "Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." *Kellam v. Servs.*, No. 3:12-cv-352-O, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom.*, *Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) (citations omitted); *see also Nichols v. Enterasys*

Plaintiff cites a case from the United States District Court for the Minnesota District to

support his claim that "the proper arbiter to resolve whether the payment history should have been

reporting or not is the jury, not the Court in a 12(c) motion."  Pl.'s Mem. in Opp'n to Def.'s Mot.

for J. on the Pleadings 10-11 (citing *Nielsen v. U.S. Bank*, No. 03-5313, 2005 U.S. Dist. LEXIS

1341 at \*12 (D. Minn. Jan. 26, 2005)).  The court need not address this assertion to determine

whether this claim should be dismissed.  Plaintiff has not set forth sufficient allegations that

Defendant failed to comply with § 1681i(a)(5) when it deleted his Nationstar account or that any

noncompliance on Defendant's behalf was negligent or willful.  Moreover, Plaintiff has not made

clear to the court how deletion of a tradeline reflecting missed payments and delinquency has

caused him injury.  Mr. Green's pleadings are devoid of factual allegations that support his claim

that Innovis violated 15 U.S.C. § 1681i of the FCRA.

## IV.     Amendment of Pleadings

In response to the Innovis's motion for judgment on the pleadings, Mr. Green did not

request to amend his pleadings in the event the court determined that the motion should be granted.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court

should freely give leave when justice so requires" is not without limitation.  The decision to allow

amendment of a party's pleadings is within the sound discretion of the district court.  *Foman v.

Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994)

(citation omitted).  In determining whether to allow an amendment of the pleadings, a court

considers the following: "undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

---

*Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) (explaining that inadequately briefed issues are considered waived).

opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

"[A]t some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Schiller*, 342 F.3d at 567 (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).  In his Memorandum in Opposition to the current motion for judgment on the pleadings, Mr. Green asserts that he has "properly pled his claim that Innovis" violated his rights under the FCRA.  Pl.'s Mem. in Opp'n to Def.'s Mot. for J. on the Pleadings 13.  As previously stated, he did not request to amend his pleading.  The failure to request leave to amend waives the right to raise the issue on appeal.  *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals.") (citation omitted). The court, therefore, presumes that Plaintiff has stated his "best case." *See Jacquez*, 801 F.2d at 793.  Accordingly, the court determines that any further attempts at amendment would be futile and would unnecessarily delay resolution of this action.  Accordingly, the court will not allow Plaintiff to amend his pleadings.

## V.     Conclusion

For the reasons herein stated, Plaintiff has failed to state a claim upon which relief can be granted as to Plaintiff's claims for FCRA violations.  Accordingly, the court **grants** Defendant's Motion for Judgment on the Pleadings, and Plaintiff's claims for FCRA violations are **dismissed with prejudice**.  As required by Federal Rule of Civil Procedure 58, the court will issue judgment by separate document.

**It is so ordered** this 17th day of September, 2021.

Sam A. Lindsay
United States District Judge